NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4305
_____

JOHN E. DU PONT,
Appellant

v.

PAUL STOWITZKY, SUPERINTENDENT OF SRCF MERCER; THE DISTRICT
ATTORNEY OF THE COUNTY OF DELAWARE, PENNSYLVANIA; THE
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA


_____

On Appeal from the United States District Court
from the Eastern District of Pennsylvania
(Civ. No. 06-cv-00147)
District Judge: Hon. Petrese B. Tucker
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2010
_____

Before: McKEE, Chief Judge, BARRY and GREENBERG, Circuit Judges

(Opinion Filed: November 18, 2010)


**OPINION**
_____

McKEE, Chief Judge:

John du Pont appeals the district court's denial of the habeas corpus petition he filed pursuant to 28 U.S.C. §§ 2241(c)(3) and 2254. Du Pont argues that his trial counsel failed to properly investigate use of a prescription drug and its effect on du Pont's mental state, and that this failure violated du Pont's Sixth Amendment right to effective assistance of counsel. For the reasons set forth below, we will affirm the district court's order denying habeas relief.

## I.[1]

In 1997, John du Pont was convicted of murdering David Schultz. The sole issue at trial was whether du Pont was mentally ill but guilty of third degree murder, or whether he was not guilty by reason of insanity. The judge properly instructed the jury that a defendant who is "sick rather than bad" is legally insane, and a defendant who is "both sick and bad" is guilty but mentally ill.[2] During the trial, the Commonwealth introduced evidence of du Pont's cocaine use to support a theory of drug induced psychosis. However, du Pont's medical experts testified that he suffered from paranoid schizophrenia. The jury found du Pont mentally ill but guilty of third degree murder pursuant to 18 PA. CONS. STAT. § 314(c)(1).

After denial of relief on direct appeal, du Pont filed a Post Conviction Relief Act ("PCRA") petition in state court in which he challenged the effectiveness of his trial

---

[1] Because we write solely for the benefit of the parties, we recite only the facts essential to our decision.

[2] Du Pont does not challenge the accuracy of the jury instruction.

attorneys. Du Pont alleged that because his trial counsel knew that he was taking scopolamine - a powerful prescription drug - counsel's failure to investigate his use of this drug as a possible defense amounted to ineffective assistance of counsel.

The state trial court dismissed du Pont's petition without a hearing, the Superior Court of Pennsylvania affirmed, and the Pennsylvania Supreme Court denied a Petition for Allowance of Appeal. Du Pont then filed a Petition for Writ of Habeas Corpus that included the ineffective assistance of counsel claim raised in his PCRA petition. The district court denied the petition without a hearing. Thereafter, we granted a certificate of appealability limited to the issue of whether defense counsel's failure to introduce evidence of du Pont's alleged scopolamine use constituted ineffective assistance of counsel.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because the district court did not hold an evidentiary hearing, but relied on the state court record for its judgment, our review is plenary. *Marshall v. Hendricks,* 307 F.3d 36, 50 (3d Cir. 2002).

Pursuant to the limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we cannot grant a writ of habeas corpus where the state court reached the merits of the petitioner's habeas claim unless the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]" or "resulted in a decision that was based on an unreasonable

3

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

## III.

In order to establish ineffective assistance of counsel, du Pont must show that counsel's performance was deficient, and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Establishing prejudice requires showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Superior Court of Pennsylvania affirmed the trial court's denial of post conviction relief because du Pont could not show that he was prejudiced by counsel's actions. *Commonwealth v. duPont*, 860 A.2d 525, 536-37 (Pa. Super. Ct. 2004). Because we find that the state court's judgment was not an unreasonable application of clearly established federal law within the meaning of the AEDPA, we do not need to consider whether trial counsel's performance was deficient.

Du Pont argues that evidence of his scopolamine use should have been introduced to rebut the prosecution's contention that he was "both bad and sick." Du Pont posits that evidence that his mental illness was exacerbated by a prescription drug rather than cocaine (as the prosecution argued) could have potentially influenced the jury to find that he was "sick rather than bad" and therefore conclude that he was not guilty by reason of insanity. The argument is meritless because under Pennsylvania law even such proof of "intoxication" would have been unavailing in du Pont's case, as he was charged with murder. *See* 18 PA. CONS. STAT. § 308 (evidence of voluntary intoxication cannot reduce

4

criminal culpability below the level of third degree murder). Thus, trial counsel's failure to introduce evidence of scopolamine use could not have prejudiced du Pont. *See Commonwealth v. Brode*, 564 A.2d 1254, 1255-56 (Pa. 1989).

Accordingly, pursuant to 28 U.S.C. § 2254(d), du Pont has not shown that he is entitled to relief.

**IV.**

For the foregoing reasons, the district court's denial of du Pont's habeas petition will be affirmed.